(No. 33978.—

IRENE ARVIDSON, Appellant, *vs.* THE CITY OF ELMHURST, Appellee.

*Opinion filed September 20, 1957.*

Vogel & Vogel, of Chicago, (L. H. Vogel, and Robert B. Johnstone, of counsel,) for appellant.

Sears and Streit, and George E. Billett, both of Chicago, (Barnabas F. Sears, George E. Billett, and Lloyd J. Tyler, Jr., of counsel,) for appellee.

Mr. Justice Bristow delivered the opinion of the court:

This cause is heard on plaintiff Irene Arvidson's petition for leave to appeal from a judgment of the Appellate Court reversing without remanding a judgment of the circuit court of Du Page County, entered on a jury verdict awarding plaintiff damages in the amount of $9000 for personal injuries sustained when plaintiff fell on an allegely defective sidewalk maintained by the defendant city of Elmhurst.

The sole issue is whether the Appellate Court. erred in entering judgment notwithstanding the verdict on the ground that defendant was not negligent as a matter of law.

The operative facts are not controverted. It appears that at 4:00 P.M. on October 20, 1950, plaintiff parked her car adjacent to the curb on the west side of York street, in the business section of Elmhurst. She got out of the car on the driver's side, and her two children and their friend remained in the car while she went on her errand. She walked to the parking meter at the front of the car, deposited some coins in the meter, turned around, walked back toward the car, called to the children to put another coin in the meter if she stayed longer than expected, took about three steps on the sidewalk, covering about 1½ slabs of concrete, and then stepped with her right foot in such a manner that her heel was on one slab and the sole of her shoe was on the adjoining slab, which was on a lower level. As a result, her ankle turned, and she fell and fractured her left ankle. She was wearing shoes with cuban heels, and a strap and buckle on the side.

According to the testimony of plaintiff and that of a witness who was employed by the abutting store owner, the difference in level between the adjoining slabs of sidewalk on which plaintiff fell was about 2 inches. The difference in height of the slabs was also attested to by the woman who had been sitting in the car parked behind plaintiff's, and who got out to help plaintiff after she fell. From their testimony and the photograph in the record, it appears that the lower level slab slanted toward the street, and the difference in level progressively increased in the direction toward the street, and decreased in the direction of the abuting building. The balance of the sidewalk in the region, however, appears to be level, and there were no crevices or other defects in the adjoining slabs of the sidewalk.

. Neither plaintiff nor the city had actual knowledge of the sidewalk condition before plaintiff's fall, although the condition existed for at least a year or longer prior thereto. There was no evidence of injuries to other persons as a result of the condition, and no previous complaints to the defendant respecting the sidewalk, which was subsequently repaired.

The alderman who was superintendent of streets testified that he was in charge of streets and alleys at the time of plaintiff's accident, and did not inspect the sidewalks of the city in their entirety, although that might have been included in the duties of his job. He was appointed inspector of sidewalks some eight months later, although prior thereto no one had specifically held that job.

On the basis of substantially the foregoing evidence and the medical testimony which was not disputed, the court denied defendant's motion for a directed verdict, and submitted the cause to the jury, which entered a verdict for plaintiff in the amount of $9000, upon which judgment was entered. In reversing that judgment, the Appellate Court held that the defendant, as a matter of law, was not negli-

gent, and that its motions for directed verdict or judgment notwithstanding the verdict should have been allowed.

In determining the propriety of that judgment, we are cognizant of the exhaustive case law involving the issue of whether inequality between adjoining slabs of sidewalk constitutes a question of fact for the jury, or a question of law for the court. (37 A.L.R.2d 1189; 119 A.L.R. 162; 25 Am. Jur., sec. 488.) Any attempt to reconcile, or even enumerate the decisions would only prolong the opinion without improving the fabric of the law. (*Kuhn* v. *City of Chicago,* 319 Ill. App. 525; *Puck* v. *City of Chicago,* 281 Ill. App. 6.) A survey of the decisions does indicate, however, that the law does not exact of a municipality the duty of keeping all sidewalks in perfect condition at all times, and that slight inequalities in level, or other minor defects frequently found in traversed areas, are not actionable. *Storen* v. *City of Chicago,* 373 Ill. 530; 19 McQuillin, Municipal Corporations, 3d ed., sec. 54.80.

While courts are in marked disagreements as to when the sidewalk irregularity or defect is so slight that the question is one of law, and where it is one of fact for the jury, nevertheless, the decisions recognize that no mathematical standard can be adopted in fixing the line of demarcation, and that each case must be determined upon its own particular facts and circumstances. (19 McQuillin, Municipal Corporations, 3d ed., sec. 54.80; 37 A.L.R.2d 1187 *et seq.*) In fact, courts have criticized and rejected the fixing of arbitrary standards with mathematical precision as to what constitutes minor defects (*Loughran* v. *City of New York,* 298 N.Y. 320, 83 N.E.2d 136; *Parker* v. *City and County of Denver,* 128 Colo. 355, 262 P.2d 553; *City of Louisville* v. *Wheeler,* 301 Ky. 222, 191 S.W.2d 386,) as was originally done by the New York court in *Beltz* v. *City of Yonkers,* 148 N.Y. 67, upon which the early Illinois cases were predicated. *City of Chicago* v.

*Norton,* 116 Ill. App. 570; *Powers* v. *City of East St. Louis,* 161 Ill. App. 163.

The Illinois courts, however, have not followed, either in theory or practice, the rule obtaining in the District of Columbia, Georgia and Missouri that the question of liability is always one of fact for the jury, and that defects, no matter how slight, are for jury consideration. (37 A.L.R.2d 1196; *City of Rome* v. *Richardson,* 62 Ga. App. 85, 7 S.E.2d 927; *City of Brunswick* v. *Glogauer,* 158 Ga. 792, 124 S.E. 787; *Bornhoft* v. *City of Jefferson,* 128 S.W.2d 1080; *Butler* v. *University City,* 167 S.W.2d 442.) Nor can we accept plaintiff's contention that the decisions of *Dowler* v. *New York, Chicago and St. Louis Railroad Co.* 5 Ill.2d 125; *Pitrowski* v. *New York, Chicago & St. Louis Railroad Co.* 4 Ill.2d 125; and *Bonnier* v. *Chicago, Burlington & Quincy Railroad Co.* 2 Ill.2d 606, are determinative of the relative spheres of court and jury in negligence cases. These decisions, involving Federal Employers Liability Act cases, are governed by uniformity requirements imposed by the United States Supreme Court in such cases and have no application to the case at bar.

The rule in Illinois, reiterated in the case law, is that a jury question on the issue of the city's negligence is presented only when the defect in the sidewalk is such that a reasonably prudent man should anticipate some danger to persons walking upon it. *Walter* v. *City of Rockford,* 332 Ill. App. 243; *Storen* v. *City of Chicago,* 373 Ill. 530; *White* v. *City of Belleville,* 364 Ill. 577; *Luse* v. *City of Chicago,* 321 Ill. App. 628; *Orban* v. *City of Chicago,* 313 Ill. App. 144; *Kuhn* v. *City of Chicago,* 319 Ill. App. 525.

The decisions, furthermore, reflect a conscientious attempt by the Illinois courts to apply this rule. In *White* v. *City of Belleville,* 364 Ill. 577, the Illinois Supreme Court remanded to the Appellate Court to consider other errors

a case where there was a depression in the walk from 2 to 3 inches in depth at the point where plaintiff fell, and a crevice sufficiently wide to permit the heel of a woman's shoe to enter. The court held that this condition, as established by the testimony, constituted evidence in support of the charge that an unsafe condition of the sidewalk existed, and consequently the directed verdict, which had been entered on the ground that there was no actionable negligence as a matter of law, was not proper. The Appellate Court herein endeavors to distinguish that case on the ground that the facts are different. However, no two sidewalk cases present identical defects, and it is significant that the court held in the *Belleville case* that a jury question was presented where, as in the instant case, there was a variance in the levels of the slabs of concrete in a sidewalk.

In *Luse* v. *City of Chicago,* 321 Ill. App. 628, it was held that the city could not be deemed to be not negligent as a matter of law in failing to repair a defect in a sidewalk leading directly to the street, where one cement slab had sunk 2 or $2\frac{1}{2}$ inches lower than the slab next to it. In *Orban* v. *City of Chicago,* 313 Ill. App. 144, a judgment for plaintiff was sustained where witnesses testified there was a difference of between 1 and 3 inches in the level of adjoining slabs of concrete in a sidewalk. Similarly, in *Kuhn* v. *City of Chicago,* 319 Ill. App. 525, the court held that a difference in level of 2 and possibly 3 inches between two concrete slabs of a sidewalk was actionable. The court therein reasoned that *White* v. *City of Belleville* was determinative, and that the cause was properly submitted to the jury, notwithstanding the earlier Appellate Court case of *City of Chicago* v. *Norton,* 116 Ill. App. 570, holding that such defects did not constitute actionable negligence.

In contrast, however, in *Walter* v. *City of Rockford,* 332 Ill. App. 243, the court held that a difference in level of $\frac{3}{4}$ to 1 inch between two adjoining slabs of concrete

in a sidewalk was not actionable, since no reasonable mind could foresee that injury would result to a pedestrian from the defect, while exercising reasonable care for her own safety. Defendant relies upon that decision, and also upon *Storen* v. *City of Chicago*, 373 Ill. 530, in support of its contention that the defect herein should not have been submitted to the jury. In the *Storen case* the court held that a depression of a curb to permit the construction of a driveway by the abutting property owner does not constitute a defect or obstruction in the curb, even though the curb was so maintained by the city for several years without having been actually used as a driveway.

The facts obviously are in no way analogous, and defendant apparently cited the case because it enunciates the rule that a municipality is not bound to keep its streets and sidewalks absolutely safe for persons passing over them; that its duty is only to exercise ordinary care to keep the sidewalks reasonably safe for persons exercising ordinary care; that it is not an insurer against accidents; and that the defect must be such as could have been foreseen and avoided by ordinary care and prudence on the part of the city.

As hereinbefore noted, we have no quarrel with this statement of the law; however, we do not deem its application in the *Storen case* in any way determinative herein. Defendant has also cited numerous cases from other jurisdictions, where a difference in level in the slabs of concrete of a sidewalk were deemed not actionable as a matter of law. These decisions, however, are countered by an equally imposing array of decisions with comparable facts, cited by plaintiff, including *Parker* v. *City and County of Denver*, 128 Colo. 355, 262 P.2d 553, where the court reviewed the decisions holding that the question of negligence predicated on differences in levels of slabs of concrete in sidewalks were properly submitted to the jury.

In the *Parker case*, the court, after overruling its earlier

position, determining the negligence of the city solely on the basis of inches, noted that while there might be instances in which it could be held that the defect in the sidewalk was so slight that actual negligence became a question of law, in almost all instances there is a shadow zone where the facts are such that the question must be submitted to the jury, whose duty it becomes to take into consideration all of the facts and circumstances in connection with the accident.

This same approach was followed by the Connecticut court in *Alston* v. *City of New Haven*, 134 Conn. 686, 60 A.2d 502, where the court held that unless only one conclusion can reasonably be reached, the question is one for the trier of fact; and also in *Beach* v. *City of Des Moines*, 238 Iowa 312, 26 N.W.2d 81. Moreover, it is patent that the decisions in other jurisdictions reflect a growing liberality of the courts in leaving the question of liability to the jury, rather than finding the defect too minor or trivial as a matter of law to impose liability. (37 A.L.R.2d 1198.) In this connection, it has been noted that the courts of Alabama, Arizona, Colorado, Florida, Iowa, Kentucky, New Jersey, North Dakota, Rhode Island, South Dakota, Washington, West Virginia, Minnesota, and Utah have in almost all instances left the question of liability to the trier of fact. 37 A.L.R.2d 1198.

The determinations of the courts of other jurisdictions, however, cannot relieve this court of its duty to apply the rule promulgated in the Illinois case law to the facts in each case. In applying this rule of whether a reasonably prudent man should anticipate danger to a pedestrian because of the defect in the sidewalk, we cannot be bound by standards of reasonableness as to the condition of sidewalks prevailing in 1876 when *City of Chicago* v. *Bixby*, 84 Ill. 82, was decided, or in 1904 and 1911 when *City of Chicago* v. *Norton*, 116 Ill. App. 570, and *Powers* v. *City*

*of East St. Louis,* 161 Ill. App. 163, were determined. What constituted reasonable safety in those days cannot perforce be deemed reasonable safety at the present time.

In the case at bar, the record shows that the defective slab of concrete slanted downward toward the street, and was about 1 inch below the adjoining slab at one end, and 2 inches below the adjoining slab at the end which was nearer to the street. This defective sidewalk was near the curb of a business street, on which there were abutting stores and parking meters, so that it could reasonably be foreseen that the area would be traversed by pedestrians enroute to the stores. Moreover, the circumstances of the accident, whereby plaintiff stepped with her heel on the higher slab, and her sole on the lower slab, thereby causing her to lose her balance, were also within reasonable contemplation. Under these circumstances, it cannot be found that all reasonable minds would agree that the 2-inch variation and the height of the adjoining slabs of the sidewalk near the curb was so slight a defect that no danger to pedestrians could reasonably be foreseen. This view is sustained generally by the decision of this court in *Swenson* v. *City of Rockford,* 9 Ill.2d 122. We there considered the question of plaintiff's contributory negligence, and at page 128 held: "It [the allegedly negligent act of plaintiff] was an evidentiary fact and as such was properly allowed to go to the jury as having a tendency to prove the ultimate fact in question."

Consequently, it is our judgment that the cause was properly submitted to the jury, and that the Appellate Court erred in holding that a judgment notwithstanding the verdict should have been entered by the circuit court. However, since the Appellate Court, because of the result it reached, has not passed upon other alleged errors, the cause must be remanded. Accordingly, the cause is remanded to the Appellate Court for the Second District, with directions

610

to affirm the judgment of the trial court if no further reversible error is found.

*Reversed and remanded, with directions.*