MARY BAKER, Plaintiff-Appellee, *v.* THE CITY OF GRANITE CITY *et al.*, Defendant-Appellant.

Fifth District   No. 78-392

━━━━━━━━━

Opinion filed August 8, 1979.

158

Irvin Slate, Jr., of Granite City, for appellant.

Richard Allen, of Granite City, and Ben S. Urban, of Belleville, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant, City of Granite City, appeals from the judgment of the Circuit Court of Madison County entered on a jury verdict in favor of plaintiff, Mary Baker, in her action to recover damages for personal injuries sustained in a fall on a city sidewalk.

On June 1, 1973, plaintiff went to the First National Bank located across the street from city hall at 20th Street and Edison Avenue, a busy intersection in Granite City, to do her banking. When she left the building through the Edison Avenue exit, she caught her heel in one of several cracks in the sidewalk and fell on her hands. When she noticed some swelling of her ankle and experienced pain in her leg and back, she reported her injury to bank employees and was sent to the hospital for X rays. Her injury was later diagnosed as a herniated lumbar disc for which she received extensive medical treatment and underwent back surgery.

Approximately a week after the accident, plaintiff measured the hole in which she caught her heel and found it to be 4 inches wide and 1¾ inches to 2 inches deep. Lionell Portell, superintendent of streets of Granite City, testified that he inspected and repaired the crack shortly after the incident. In his estimation, the crack was 1 to 3 inches in width and about 1¼ inches deep. He further testified that prior to the day of the accident he was aware that there were some cracks in the sidewalks in the Edison Avenue area; however, he claimed that he had no specific knowledge of the crack in question until notified by bank employees after the injury. Ivan Pittman, the bank vice president, testified that he was familiar with the bank entrance and exit having used it regularly for 13 years. He claimed that prior to June 1, 1973, he had never noticed the crack in the sidewalk.

Photographs taken shortly after the accident and a plat subsequently drawn of the sidewalk, revealed the existence of several jagged cracks in the sidewalk in front of the bank. The one in question ran from the entrance of the bank perpendicularly to the curb of Edison Avenue.

At the close of the case, the following special interrogatory, tendered by defendant, was submitted to the jury:

> "Do you find and believe from the evidence that the sidewalk at 20th and Edison Avenue in Granite City, Illinois, where the Plaintiff alleges she fell on June 1, 1973, was in a reasonably safe condition at the time of the purported fall?"

The jury answered this interrogatory in the negative and returned a verdict in favor of plaintiff in the amount of $125,000.

On appeal, defendant contends that the trial court erred in refusing to direct a verdict in its favor where there was no evidence tending to establish that the defect in the sidewalk was unreasonably dangerous or that defendant had actual or constructive notice of the alleged defective

condition. Plaintiff counters by arguing that the verdict was fully supported by the evidence.

██ Under section 3—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1977, ch. 85, par. 3—102), a local public entity has the duty to maintain its property in a reasonably safe condition; however, it is not liable for any injury unless it has either actual or constructive notice of the condition that is not reasonably safe for a sufficient time prior to the injury to have taken corrective action. (*Livings v. City of Chicago*, 26 Ill. App. 3d 850, 326 N.E.2d 170 (1975).) The threshold question in determining negligence is whether the crack in the sidewalk which caused the injury was an unreasonably dangerous or unsafe condition. Defendant maintains that the evidence unequivocally established that it was not and therefore claims that it was improper for the court to submit this issue to the jury. The law is well established "that a jury question on the issue of the city's negligence is presented only when the defect in the sidewalk is such that a reasonably prudent man should anticipate some danger to persons walking upon it." (*Arvidson v. City of Elmhurst*, 11 Ill. 2d 601, 605, 145 N.E.2d 105, 107 (1957); *Warner v. City of Chicago*, 72 Ill. 2d 100, 378 N.E.2d 502 (1978).) It is also established that minor sidewalk defects or irregularities are not actionable and that under such a situation the question becomes one of law. (*Warner v. City of Chicago*.) But courts have had great difficulty determining when an irregularity is so slight that it becomes a question for the court or when it is not, so that a jury question is presented. (See *Arvidson v. City of Elmhurst*.) We believe, as stated in *Arvidson*, that where all reasonable minds cannot agree that a purported defect is so minor that no danger to pedestrians could reasonably be foreseen the issue is properly for the jury's consideration. See also *Swenson v. City of Rockford*, 9 Ill. 2d 122, 136 N.E.2d 777 (1956).

██ Applying these principles to the present case, we believe the trial court did not err in refusing to direct a verdict. The evidence established that a conspicuous crack in the sidewalk existed near a busy intersection of the city, which crack had a depth of two inches according to plaintiff and 1¼ inches according to the superintendent of the streets. While a defect of this magnitude may not be actionable in residential area, a jury could reasonably determine that such a defect or condition located in a busy commercial district should result in a finding of negligence. (See *Warner v. City of Chicago*.) Such a finding would not be inconsistent with previous court decisions which have held that an injury to an individual caused by an approximately two-inch inequality between adjoining slabs of sidewalk or a two-inch elevated crack in a sidewalk presented questions of negligence for the jury. (*Warner v. City of Chicago; Arvidson*

*v. City of Elmhurst; Healy v. City of Chicago*, 109 Ill. App. 2d 6, 248 N.E.2d 679 (1969).) Accordingly, we hold it was proper for the jury to consider whether the sidewalk crack in the present case constituted an unreasonably dangerous defect or condition. Thus, when the jury answered the special interrogatory tendered by defendant that the sidewalk was not in a reasonably safe condition at the time of the accident, it cannot be said that this finding was not supported by any competent evidence. (See *Beverly Bank v. Penn Central Co.*, 21 Ill. App. 3d 77, 315 N.E.2d 110 (1974).)

■ The remaining question therefore is whether defendant had either actual or constructive notice of the defect. While it is doubtful that defendant had actual notice of the condition, we believe there was sufficient evidence presented to the jury to sustain a finding of constructive notice. "The rule is that constructive notice is present where a defective condition exists for such a length of time that public authorities, by the exercise of reasonable care and diligence, might have known of the condition." (*Livings v. City of Chicago*, 26 Ill. App. 3d 850, 854, 326 N.E.2d 170, 174 (1975); *Palermo v. City of Chicago Heights*, 2 Ill. App. 3d 1004, 276 N.E.2d 470 (1971).) It is generally a question of fact for the jury to determine whether a defective condition has existed for a sufficient period of time prior to the injury and was of such a character for the city to be deemed to have constructive notice. (*Livings v. City of Chicago; Baker v. City of Granite City*, 311 Ill. App. 586, 37 N.E.2d 372 (1941).) Defendant claims that it cannot be charged with constructive notice where no witness testified to the duration of the defect. In response to defendant's argument, we note that there is no requirement for a witness to testify that the defective condition had existed for any specified length of time prior to the injury especially where the jury could reasonably infer that the condition existing at the time of the accident had developed over a period of long duration. (See *Baker v. Granite City.*) In fact, one need only glance at the photographs of the crack in the present case to recognize that the sidewalk has been in a defective state for a long time. See *Pittman v. City of Chicago*, 38 Ill. App. 3d 1036, 350 N.E.2d 114 (1976).

● 6 Other evidence tending to support a finding of constructive notice is that there were several conspicuous cracks in the sidewalk in the area where plaintiff fell and that the crack causing injury was located at a busy intersection of the city just across the street from city hall. Although defendant claims it did not have actual notice of the particular crack in question, the city street superintendent admitted that he was generally aware of the several cracks in the Edison Avenue area near the bank. We believe that this admission in conjunction with the evidence tending to

show that the defect existed for a long period of time in a conspicuous place was more than ample to charge defendant with constructive notice of the crack in the sidewalk.

For the reasons stated, the judgment of the Circuit Court of Madison County is affirmed.

Affirmed.

KUNCE and KASSERMAN, JJ., concur.