DOROTHY HESS, Plaintiff-Appellee, *v.* THE CITY OF CHICAGO, Defendant-Appellant.

First District (1st Division)   No. 80-2672

Opinion filed October 26, 1981.

Stanley Garber, Corporation Counsel, of Chicago (Robert R. Retke and Frank W. Nagorka, Assistant Corporation Counsel, of counsel), for appellant.

Joseph R. Curcio, of Joseph R. Curcio, Ltd., of Chicago (David A. Novoselsky, of counsel), for appellee.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Dorothy Hess (plaintiff) brought suit against the City of Chicago (defendant) for her injuries suffered from a fall on a city sidewalk. The trial court directed a verdict for plaintiff on the issue of liability and the jury awarded damages of $122,250. Defendant appeals.

Plaintiff testified that on July 8, 1977, at approximately 6:30 p.m. she was walking north on the west side of Broadway, slightly north of Waveland Avenue in Chicago. Plaintiff was 63 years old. The sidewalk was damp because of a misting precipitation. Plaintiff had never previously walked in that area. The block is predominately commercial. Plaintiff was walking with a friend, Hope Gates.

Plaintiff was talking to her friend, Hope Gates. Plaintiff was wearing very low heels "like a saddle shoe or tennis shoe might be." She carried only a purse. Plaintiff testified, "I noticed there was a big crack in the sidewalk so I made sure I got over that one, but then when my other foot came down I caught the next crack in the sidewalk." On cross-examination plaintiff described the "elevation" of the sidewalk crack as "It's about one and a half inches to two. About one and a half inches." A color photograph in evidence shows the condition of the sidewalk. Plaintiff was not looking at her friend but she was "looking straight ahead."

Plaintiff suffered a severe fracture of her left upper arm. She underwent three orthopedic operations to repair the break. Plaintiff's medical expense was approximately $43,000. Her doctor, an orthopedic surgeon, testified plaintiff would probably suffer permanent stiffness and restricted mobility of her left shoulder. No point is raised by defendant as to the amount of the verdict.

Hope Gates testified she is familiar with that particular section of

Broadway. She identified the photograph of the defect. That condition had existed "At least about a year before she [plaintiff] had the accident." No questions were put to this witness on cross-examination.

Plaintiff also called Daniel Morsovillo for examination under section 60 of the Civil Practice Act. He is a senior operations analyst for the defendant's department of streets. He testified the defendant employed 50 sidewalk inspectors during July of 1977. They do not make sidewalk inspections without a preceding complaint. However, plaintiff questioned this witness by use of his testimony in another case (some three years earlier). The witness had testified there that defendant's inspectors inspect sidewalks in their respective areas, "I would say once a year * * *."

No witnesses were called by the defendant.

In this court, defendant contends liability should not have been determined as a matter of law but the jury should have been permitted to perform its function as the trier of fact. Plaintiff contends defendant waived this issue by failure to present a proper post-trial motion; defendant offered no objection to direction of a verdict for plaintiff on liability and the verdict on liability was properly directed for plaintiff.

Plaintiff argues defendant's motion for new trial lacked sufficient specificity to warrant appellate review. We reject this argument. In *Keen v. Davis* (1967), 38 Ill. 2d 280, 282, 230 N.E.2d 859, the supreme court held a post-trial motion is not required before a party may appeal from a directed verdict. To the same effect is *Larson v. Harris* (1967), 38 Ill. 2d 436, 439, 231 N.E.2d 421. We also note the comment on *Keen* in *Robbins v. Professional Construction Co.* (1978), 72 Ill. 2d 215, 223-24, 380 N.E.2d 786.

We will first consider the motion of plaintiff to dismiss the appeal and objections thereto filed by defendant. This motion was taken with the case. The post-trial motion was denied on September 12, 1980, and defendant's notice of appeal was filed October 12, 1980. Without citing any authority, plaintiff argues deductively from the major premise that defendant's motion for new trial, filed on August 14, 1980, was defective because it lacked specificity. Plaintiff reasons that since the motion was legally insufficient it was tantamount to filing no motion and therefore the notice of appeal was tardily filed. We disagree.

■■ The pertinent rule (Supreme Court Rule 303(a), Ill. Rev. Stat. 1979, ch. 110A, par. 303(a)) does not require filing of a complete, proper or specific post-trial motion. It simply requires the filing of a "timely post-trial motion directed against the judgment * * *." The form of said motion and the legal correctness of the matters therein averred are immaterial. In the case before us the motion was sufficient to raise issues as to the propriety of the court order which directed a verdict in favor of

plaintiff and against defendant on the issue of liability. It was therefore sufficient to stay the running of the time limitation upon the filing of the notice of appeal. Plaintiff's motion to dismiss the appeal is denied.

We find three separate issues on the merits of this appeal. Whether the trial judge properly directed a verdict in favor of plaintiff on the issue of liability requires a determination of the strength of the evidence as regards:

(a) Negligence of defendant;

(b) Constructive notice to defendant of the existence of the sidewalk defect; and

(c) Proof plaintiff was free from contributory negligence.

Each and all of these questions must be answered by application of the *Pedrick* formula, first set out in *Pedrick v. Peoria and Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, which has been followed by the courts of Illinois to this day. (Note *National Bank v. Norfolk & Western Ry. Co.* (1978), 73 Ill. 2d 160, 168, 383 N.E.2d 919.) The issue is whether the evidence so strongly favors plaintiff, the moving party, that if considered in its aspect most favorable to the defendant no contrary verdict in favor of the defendant could stand. We will consider each of these problems in order.

The courts of Illinois have consistently held that " 'a jury question on the issue of the city's negligence is presented * * * when the defect in the sidewalk is such that a reasonably prudent man should anticipate some danger to persons walking upon it.' " (*Baker v. City of Granite City* (1979), 75 Ill. App. 3d 157, 160, 394 N.E.2d 33, quoting *Arvidson v. City of Elmhurst* (1957), 11 Ill. 2d 601, 605, 145 N.E.2d 105.) Minor defects or irregularities are not actionable as a matter of law. *Baker*, 75 Ill. App. 3d 157, 160, citing *Warner v. City of Chicago* (1978), 72 Ill. 2d 100, 378 N.E.2d 502.

It has been held that a defect or hole two inches deep establishes a factual question regarding the negligence of a city. (*Arvidson*, 11 Ill. 2d 601, 609.) Likewise, a 1½-inch-deep defect was held to raise an issue of fact for the jury. *Repinski v. Jubilee Oil Co.* (1980), 85 Ill. App. 3d 15, 20-21, 405 N.E.2d 1383.

Similarly, the question of the length of time required to establish constructive notice of a defective condition is generally a question of fact for the jury. *Baker*, 75 Ill. App. 3d 157, 161; *Livings v. City of Chicago* (1975), 26 Ill. App. 3d 850, 853, 326 N.E.2d 170.

As regards these issues of negligence of the defendant in maintenance of the sidewalk and the sufficiency of notice of the defect, which amount in effect to an issue of exercise of reasonable care by defendant, the determination of these matters "is preeminently the function of the jury * * *" (*Jardine v. Rubloff* (1978), 73 Ill. 2d 31, 43, 382 N.E.2d 232).

However, the trial of the case before us places a different aspect upon the matter.

Counsel for plaintiff moved the trial court to direct a verdict on the entire issue of liability. This included all aspects of that issue. Counsel for plaintiff made a complete argument to the trial judge in support of his motion. However, counsel for defendant raised only the point that the issue of contributory negligence should be submitted to the jury and then stood mute. Counsel for defendant simply stated plaintiff's testimony "that the defect was an inch and a half is a factor to be considered by the jury * * * in making their determination of the exercise of due care and caution on the part of plaintiff at the time of the injury."

The trial judge then asked counsel for plaintiff if he wished to reply. Plaintiff's attorney replied to the effect that counsel for defendant actually said "that the jury should consider only the issue of the plaintiff's contributory fault in this particular instance * * *." The trial judge asked the attorney for defendant if he wished to make any further statement and received a negative response. Thus, it appears the direction of a verdict on the issues of the negligence of defendant and constructive notice to defendant was never argued by defendant.

■■ We conclude that these issues of negligence of the defendant and sufficiency of notice of the sidewalk defect, not having been presented to or raised in the trial court, have been waived for purposes of this appeal. See *Brown v. Lober* (1979), 75 Ill. 2d 547, 556, 389 N.E.2d 1188, and cases there cited.

■■ Assuming now for purposes of analysis, even if these points had been properly raised and argued, we conclude the same result should be reached. On the issue of constructive notice, plaintiff introduced the testimony of Hope Gates, plaintiff's companion. Gates testified the defective condition of the sidewalk was in existence, "At least about a year before she [plaintiff] had the accident." Defendant did not cross-examine this witness. Defendant produced no other evidence regarding the condition of the sidewalk. Also, as shown, plaintiff's counsel called a city employee for examination under section 60 (Ill. Rev. Stat. 1979, ch. 110, par. 60). This witness testified defendant does not make sidewalk inspections without having received a complaint. However, the witness had testified in a previous case that sidewalks are inspected by defendant about once a year. This evidence raised doubts as to whether defendant has a regular policy concerning inspection of sidewalks.

On the issue of negligence of the defendant, the defendant offered no defense. The testimony of the plaintiff and the cogent evidence reflected in the color photographs offered by plaintiff constitute strong evidence in proof of negligence. In our opinion, application of the *Pedrick* standard leads to the conclusion that these issues prove negligence of defendant

and a sufficiency of notice of the defect as a matter of law and that no contrary verdict in favor of defendant on these matters could ever stand.

The one remaining issue before this court is the direction of the verdict in favor of plaintiff upon the issue of contributory negligence. When this case was tried, it was necessary for plaintiff to allege and prove by a preponderance of the evidence that she was free from contributory negligence. (*Hardware State Bank v. Cotner* (1973), 55 Ill. 2d 240, 245, 302 N.E.2d 257.) Also, it has been frequently held that "[t]he question of contributory negligence is ordinarily a question of fact to be resolved by the jury." (*Kittoe v. Metropolitan Sanitary District* (1979), 70 Ill. App. 3d 197, 203, 387 N.E.2d 1031.) It follows that a verdict should not be directed in any case where the issue is contributory negligence of plaintiff except when required by application of the *Pedrick* doctrine. *Thomas v. Lynch* (1978), 59 Ill. App. 3d 542, 375 N.E.2d 859; *Orlandi v. Caraway* (1973), 9 Ill. App. 3d 628, 631, 293 N.E.2d 337.

In defendant's brief, the argument is made that the crack in the sidewalk was plainly visible, and plaintiff in her testimony admitted that she saw the crack before she fell. We cannot see how that fact constitutes proof of contributory negligence. In our opinion, that argument is advanced without consideration of the photographs of the sidewalk received in evidence. These pictures are indeed more potent than many, many words. The accuracy of the pictures was proved by testimony of the witness Gates and the exhibits were received without objection. The condition of the sidewalk is clearly visible but the photographs show the condition of the entire walk is such that plaintiff had virtually no alternative but to walk over this dangerous area. Certainly it could not be urged that it was the duty of plaintiff to avoid the defect by walking on the street.

Similarly, we see no reason to predicate any argument of contributory negligence upon the fact that plaintiff engaged in some conversation with her friend. In fact, plaintiff's testimony shows she was completely attentive to the condition of the sidewalk, was able to evade one dangerous area and unfortunately was trapped by the next. Also of prime importance, we cannot overlook the fact there is not a syllable of contradiction of any of plaintiff's testimony from countervailing testimony or other sources.

■■ Defendant cites and relies upon *Cloudman v. Beffa* (1955), 7 Ill. App. 2d 276, 284, 129 N.E.2d 286, and the decision by the late eminent jurist Judge Dempsey in *Mesich v. Austin* (1966), 70 Ill. App. 2d 334, 343-44, 217 N.E.2d 574. We do not question the teaching of either case. *Cloudman* takes the position that the issue of contributory negligence is primarily for the jury. *Mesich* teaches us that it is generally undesirable to relax the wisdom of presenting issues of fact to the jury. However, both of these

cases were decided prior to *Pedrick*, which clarified the various standards which had previously existed for direction of verdicts by enunciating the principle above stated. In our opinion, if we consider all of the evidence on this issue in the light most favorable to defendant, the evidence so strongly favors plaintiff that no verdict in favor of defendant could stand. We find that plaintiff was not guilty of contributory negligence as a matter of law. We conclude the able and careful trial judge proceeded with complete legal propriety when he directed the verdict in favor of plaintiff on the issue of liability. Compare *Millette v. Radosta* (1980), 84 Ill. App. 3d 5, 26, 404 N.E.2d 823, *appeal denied* (1980), 81 Ill. 2d 593.

One further matter requires attention. If this court were to agree with defendant's contentions and reverse and remand this cause for a new trial on the issue of contributory negligence only, there could be no additional trial on that particular issue. According to *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 28, 421 N.E.2d 886, trial of the instant case pursuant to remand would necessarily present only the issue of the culpability of plaintiff on the basis of the doctrine of comparative negligence. Contributory negligence thus could not constitute an issue in event of a retrial of this case. The evidence in this case is such that we can hardly envision any substantial percentage of fault being ascribed to plaintiff. Thus, such a remand might well be described as an exercise in futility and an extravagant waste of judicial energy.

For these reasons the judgment appealed from is affirmed.

Judgment affirmed.

McGLOON and O'CONNOR, JJ., concur.