MARY MARTINKOVIC, Plaintiff-Appellee, v. THE CITY OF AURORA, Defendant-Appellant.

Second District   No. 2—86—0231

Opinion filed December 15, 1986.

Glen H. Carrier and Michael Weinstein, City Attorneys, of Aurora, for appellant.

John M. Lamont, of Thompson & Lamont, P.C., of Aurora, for appellee.

PRESIDING JUSTICE NASH delivered the opinion of the court:
After a jury trial plaintiff, Mary Martinkovic, was awarded $22,500 as damages for injuries resulting from her fall on a sidewalk located in the city of Aurora. Defendant appeals, contending the trial court erred in failing to direct a verdict in its favor.

On November 6, 1983, plaintiff was walking on a sidewalk in Aurora when she fell and injured her left elbow. She subsequently commenced this action against defendant, alleging that her injury resulted from defendant's failure to properly maintain its sidewalks.

At trial James Nanninga, director of public works for the city of Aurora, testified that the city operated under the "one-inch" rule, which stated that a sidewalk with a defect of more than one inch in length or depth would be considered unsafe and promptly repaired. He testified that there are approximately 500 miles of sidewalks in Aurora and that there is no daily inspection for damage. He stated that the city's system for finding defective sidewalks utilized the police department, street department workers, the city engineering staff and citizen complaints.

Gene Hawking, an engineering technician, testified that he was responsible for determining whether sidewalk and street repairs were necessary based on the one-inch rule. He stated that he went to the area in question and found two defects that required repair.

Plaintiff's exhibit No. 5, which was introduced into evidence, was a photograph allegedly depicting the spot plaintiff fell. The photograph showed a section of sidewalk which gradually sank below the slab adjoining it, from a slight discrepancy on the left edge to its point of greatest inequality on the right edge. A $1\frac{3}{8}$-inches-wide ruler, which was laid against the right side of the sidewalk, indicated the discrepancy between the two slabs of concrete was slightly greater than $1\frac{3}{8}$ inches at the right edge.

John D. German testified that plaintiff's exhibit No. 5 depicted a sidewalk located near his house which had been defective since at least 1981. He stated that on November 6, 1983, he and his wife were walking their dog on the sidewalk, and that there were leaves on the ground and sidewalk. They passed plaintiff on the sidewalk and he then heard a rustling noise and did not see plaintiff. German returned to the scene and found that plaintiff had injured her arm. When asked where he found plaintiff, he stated,

"A. The side—the sidewalk.

Q. And can you identify on the photograph where approximately you saw her?

A. Somewhere in this area (indicating).

Q. All right. Which would be to the right?

A. Right, to the right."

Plaintiff, who was 62 at the time of the accident, testified that on November 6, 1983, the weather was nice and there were leaves on the ground. She stated she tripped on the "crooked sidewalk," which was

covered with leaves. She did not identify exhibit No. 5 or indicate that the sidewalk depicted in the photograph was the sidewalk she tripped over. Plaintiff later had surgery performed on her elbow and testified that it still caused her pain and was not as strong as it had been.

At the close of plaintiff's case, defendant moved for a directed verdict, which was denied, and defendant rested without calling any witnesses. During deliberations, the jury sent a note to the trial judge, stating, "[N]eed testimony of Plaintiff for more information." The court instructed the jury that it had already received the complete testimony of plaintiff. After deliberations, the jury found in favor of plaintiff and awarded her $22,500 in damages. This appeal followed.

■■ ■ Defendant first contends the trial court erred in denying its motion for a directed verdict because plaintiff failed to establish that the defective sidewalk shown in plaintiff's exhibit No. 5 was the proximate cause of her injury. To establish proximate cause, a plaintiff must demonstrate with reasonable certainty that defendant's negligent acts or omissions caused the injury; liability cannot be predicated upon surmise or conjecture as to the possible cause of the injury. (*Morton v. F.B.D. Enterprises* (1986), 141 Ill. App. 3d 553, 560, 490 N.E.2d 995; *Monaghan v. DiPaulo Construction Co.* (1986), 140 Ill. App. 3d 921, 925, 489 N.E.2d 409, *appeal denied* (1986), 112 Ill. 2d 560; *Young v. Texas Eastern Transmission Corp.* (1985), 137 Ill. App. 3d 35, 39, 484 N.E.2d 325, *appeal denied* (1985), 111 Ill. 2d 565.) If a plaintiff in a negligence action fails to establish the element of proximate cause, she has not sustained the burden of making a *prima facie* case and a directed verdict against the plaintiff is proper. *Vance v. Lucky Stores, Inc.* (1985), 134 Ill. App. 3d 166, 168, 480 N.E.2d 167; *Murphy v. Chestnut Mountain Lodge, Inc.* (1984), 124 Ill. App. 3d 508, 512, 464 N.E.2d 818.

■ Upon review of the record, we agree with defendant that plaintiff's testimony alone does not establish that the defective sidewalk shown in exhibit No. 5 was the cause of her injury. She testified she tripped on a "crooked sidewalk," but did not identify the sidewalk as that seen in exhibit No. 5. However, John D. German testified that he found defendant lying "somewhere in [the] area" of the sidewalk shown in exhibit No. 5 and "to the right." We consider that this latter testimony, when considered in the light of plaintiff's statement that she fell on a crooked sidewalk, was sufficient to demonstrate with reasonable certainty that the sidewalk shown in exhibit No. 5, which evidenced a steadily widening defect from the left to right side, was the cause of plaintiff's injury. We conclude that the trial court did not

err in refusing to direct a verdict in defendant's favor based upon a failure by plaintiff to establish a *prima facie* case.

■ Defendant also contends the trial court committed error in failing to direct a verdict for defendant based upon plaintiff's failure to establish the exact portion of the sidewalk she tripped over. Defendant cites *Davis v. City of Chicago* (1972), 8 Ill. App. 3d 94, 289 N.E.2d 250, in support of its argument that where the elevation of a defect differs significantly from one area to another and the plaintiff fails to establish the point of her fall, the plaintiff has failed to prove that the city's negligence was the proximate cause of her injury. However, in *Davis,* the plaintiff slipped and fell on pavement that was covered by snow and ice, and the reviewing court held that the overwhelming weight of the evidence showed that the fall was caused by the snow and ice rather than the slope of the sidewalk. (8 Ill. App. 3d 94, 97, 289 N.E.2d 250.) Here, the evidence established that plaintiff tripped over the defect in the sidewalk; Mr. German's testimony placed plaintiff's fall at the right edge of the sidewalk, where the depth of the defect was greatest. We cannot say the trial court erred in denying defendant's motion for a directed verdict.

■ Defendant also contends that, as a matter of law, the defect in the sidewalk depicted in exhibit No. 5 was so slight as to be nonactionable. Although a city has a duty to maintain its sidewalks in a reasonably safe condition, it does not have to keep them in perfect condition and slight inequalities in level or other minor defects are not actionable. (*Warner v. City of Chicago* (1978), 72 Ill. 2d 100, 103, 378 N.E.2d 502; *Repinski v. Jubilee Oil Co.* (1980), 85 Ill. App. 3d 15, 20, 405 N.E.2d 1383.) Certain defects are so slight that their actionability may be determined as a matter of law (*Warner v. City of Chicago* (1978), 72 Ill. 2d 100, 104, 378 N.E.2d 502; *Hess v. City of Chicago* (1981), 101 Ill. App. 3d 426, 429, 428 N.E.2d 581, *appeal denied* (1982), 88 Ill. 2d 550), but the question may be withdrawn from a jury only where all reasonable minds would agree that a claimed defect is so minor that no danger to pedestrians could reasonably be foreseen (*Arvidson v. City of Elmhurst* (1957), 11 Ill. 2d 601, 609, 145 N.E.2d 105; *Repinski v. Jubilee Oil Co.* (1980), 85 Ill. App. 3d 15, 20, 405 N.E.2d 1383; *Baker v. City of Granite City* (1979), 75 Ill. App. 3d 157, 160, 394 N.E.2d 33, *appeal denied* (1979), 79 Ill. 2d 619).

■ Although a mathematical standard to determine the unreasonableness of a defect cannot be established (*Warner v. City of Chicago* (1978), 72 Ill. 2d 100, 104, 378 N.E.2d 502; *Arvidson v. City of Elmhurst* (1957), 11 Ill. 2d 601, 604, 145 N.E.2d 105), it has been held that a variance of 2 inches may be actionable under certain circum-

stances while one of 1⅛ inches may not be (*Warner v. City of Chicago* (1978), 72 Ill. 2d 100, 104-05, 378 N.E.2d 502). See also *Arvidson v. City of Elmhurst* (1957), 11 Ill. 2d 601, 609, 145 N.E.2d 105 (2-inch deep defect actionable); *Repinski v. Jubilee Oil Co.* (1980), 85 Ill. App. 3d 15, 20-21, 405 N.E.2d 1383 (1½-inch deep defect raised jury question).

■■ Here, the slab depicted in exhibit No. 5 gradually sinks from a slight discrepancy at its left edge to a depth slightly greater than 1⅜ inches at its right edge. Based upon this evidence and the city's express policy of repairing all defects exceeding one inch in length or depth, we cannot say that all reasonable minds would agree that the defect as a whole was so minor that a danger to pedestrians could not reasonably be foreseen.

Accordingly, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

HOPF and REINHARD, JJ., concur.