MARY GILLOCK, Plaintiff-Appellant, v. THE CITY OF SPRINGFIELD,
Defendant-Appellee.

Fourth District   No. 4—94—0018

Argued September 21, 1994.—Opinion filed December 30, 1994.

Russell K. Benton (argued), of Delano Law Offices, P.C., of Springfield,
for appellant.

James K. Zerkle and Douglas T. Wilcox (argued), Corporation Counsel,
of Springfield, for appellee.

456

JUSTICE COOK delivered the opinion of the court:

Plaintiff, Mary Gillock, brought action against defendant, City of Springfield (City), after tripping over an elevated piece of sidewalk owned by the City. During a jury trial, after the close of plaintiff's case, the trial court granted defendant's motion for a directed verdict. Plaintiff appeals. We affirm.

Gillock was a resident of the Near North Village (Village) retirement complex located on Madison Street between Fourth and Fifth Streets in Springfield, Illinois. The Village takes up the whole City block, except for Vono's Pharmacy (Vono's) on the corner of Madison and Fifth. Several Village residents regularly walked or rode their bicycles on the sidewalk to Vono's to shop. On May 20, 1992, plaintiff was walking toward Vono's on the City sidewalk. As plaintiff approached the pharmacy, she was looking straight ahead; there was one other person walking on the sidewalk toward her. The weather was sunny and plaintiff's view of the sidewalk was unobstructed. She fell over a raised slab of sidewalk and suffered facial injuries.

Susan Oney, manager of the Village, testified the sidewalk in question was uneven and dangerous. She had called the City several times before May 20, 1992, asking it to repair the defective sidewalk. On November 14, 1990, another Village resident had tripped and fallen over the same piece of sidewalk. Oney contacted the City at that time to report the accident, but the defect was not repaired.

Plaintiff did not present any evidence at trial regarding the difference in height between the two slabs of sidewalk. In its brief, the City notes that on May 21, 1992, the day after the accident, Thomas Anderson, a City employee, filled the defect with asphalt. He estimated the deviation between the pieces of sidewalk was less than one inch. Richard Daniels, a licensed engineer for defendant's public works department, measured the defect at three-fourths of an inch on April 29, 1993. Anderson's and Daniels' testimony is contained in affidavits attached to the City's motion for summary judgment and cannot be considered on a motion for directed verdict. At that stage, only plaintiff's evidence may be considered, and it must be evidence actually introduced at trial, not evidence which could have been introduced. Even if plaintiff had presented the evidence of Anderson and Daniels, that evidence could not have assisted defendant, assuming plaintiff's other evidence was sufficient. "In ruling on a motion for a [directed verdict], a court does not weigh the evidence." (*Maple v. Gustafson* (1992), 151 Ill. 2d 445, 453, 603 N.E.2d 508, 512.) The question is whether plaintiff has presented sufficient evidence, not whether other evidence is more credible.

The City's motion for a directed verdict claimed that plaintiff

failed to meet her burden of proof. Specifically, the City argued it had no duty to repair *de minimis* sidewalk defects less than two inches, as a matter of law, absent aggravating circumstances. Plaintiff argued there was no bright-line two-inch *de minimis* rule and the City's notice of the defect and prior injury was an aggravating circumstance.

A directed verdict is proper only where "all of the evidence, when viewed in [a light] most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14; *King v. Owen* (1994), 258 Ill. App. 3d 879, 882, 631 N.E.2d 762, 764.

■ To prevail in a negligence action, *plaintiff* must prove the existence of a duty owed by defendant to plaintiff, a breach of that duty, and injury proximately resulting from the breach. (*Cunis v. Brennan* (1974), 56 Ill. 2d 372, 374, 308 N.E.2d 617, 618; *Prochnow v. El Paso Golf Club, Inc.* (1993), 253 Ill. App. 3d 387, 397, 625 N.E.2d 769, 776.) The trial court determines whether a duty exists. The primary factors it considers include (1) whether the injury to plaintiff is reasonably foreseeable, (2) likelihood of injury, and (3) the burdens and consequences on defendant if the duty is recognized. (*Prochnow*, 253 Ill. App. 3d at 397, 625 N.E.2d at 776.) While foreseeability of injury is an important factor in determining duty, it is not dispositive. Instead, the supreme court has said foreseeability must be balanced against the burdens and consequences of imposing the duty on the defendant. *Hutchings v. Bauer* (1992), 149 Ill. 2d 568, 570-71, 599 N.E.2d 934, 935.

■ Municipalities do not have a duty to keep all sidewalks in perfect condition at all times. (*Arvidson v. City of Elmhurst* (1957), 11 Ill. 2d 601, 604, 145 N.E.2d 105, 106.) A municipality has no duty to repair sidewalk defects unless a reasonably prudent person should anticipate danger to persons walking on the sidewalk. (*Arvidson*, 11 Ill. 2d at 605, 145 N.E.2d at 107; *Warner v. City of Chicago* (1978), 72 Ill. 2d 100, 103-04, 378 N.E.2d 502, 503; *Birck v. City of Quincy* (1993), 241 Ill. App. 3d 119, 122, 608 N.E.2d 920, 923, *appeal denied* (1993), 151 Ill. 2d 561, 616 N.E.2d 331.) Thus, *de minimis* or slight defects frequently found in traversed areas are not actionable, as a matter of law. *Arvidson*, 11 Ill. 2d at 604, 145 N.E.2d at 106; *Birck*, 241 Ill. App. 3d at 122, 608 N.E.2d at 923.

The economic burden would be too great to require municipalities to repair every slight defect existing in the miles of sidewalk they maintain. (*Birck*, 241 Ill. App. 3d at 123, 608 N.E.2d at 923; see *Hartung v. Maple Investment & Development Corp.* (1993), 243 Ill. App.

3d 811, 816, 612 N.E.2d 885, 889.) The size of the defect could change with the temperature, with the seasons, and from year to year. It is impossible to maintain perfectly level sidewalks at all times. *Warner*, 72 Ill. 2d at 111, 378 N.E.2d at 507 (Ryan, J., dissenting); *Birck*, 241 Ill. App. 3d at 123, 608 N.E.2d at 923; *Hartung*, 243 Ill. App. 3d at 815, 612 N.E.2d at 889.

The difficulty in these cases is determining when a sidewalk defect is too minor, or *de minimis*, to be actionable as a matter of law. Defendant contends the holdings in *Birck* and *Hartung* establish a bright-line two-inch *de minimis* rule. We do not agree. Case law, including *Birck* and *Hartung*, makes it clear there is no mathematical formula or bright-line test. (*Arvidson*, 11 Ill. 2d at 604, 145 N.E.2d at 106; *Warner*, 72 Ill. 2d at 104, 378 N.E.2d at 503; *Birck*, 241 Ill. App. 3d at 122, 608 N.E.2d at 923; *Hartung*, 243 Ill. App. 3d at 814, 612 N.E.2d at 888.) In *Birck*, this court held the defect in question was too slight to be actionable as a matter of law, after balancing the great burden on the municipality to inspect and maintain all its sidewalks against the foreseeability of harm from the defect. (*Birck*, 241 Ill. App. 3d at 124-25, 608 N.E.2d at 924-25.) However, *Birck* did not deviate from the rule enunciated in *Arvidson* (11 Ill. 2d at 604-05, 145 N.E.2d at 106-07) requiring the trial court to look at the facts and circumstances of each case. *Birck*, 241 Ill. App. 3d at 122, 608 N.E.2d at 923; see *Hartung*, 243 Ill. App. 3d at 815, 612 N.E.2d at 888.

■ Plaintiff must present at least some evidence on every element essential to his cause of action, and if he fails to do so, a directed verdict is appropriate. (*Saxton v. Toole* (1992), 240 Ill. App. 3d 204, 210, 608 N.E.2d 233, 238.) There is no duty on the part of a landowner to repair *de minimis* or slight sidewalk defects. Therefore, as part of her case, plaintiff must prove the defect here was not *de minimis*, by presenting evidence of the size of the defect and any aggravating circumstances. In this case, plaintiff failed to offer any evidence as to the size of the sidewalk defect in question. The fact that the City may have known that the sidewalk was frequently used by elderly people, and even that someone had previously fallen at this location, does not excuse that proof. People sometimes trip over defects which would be characterized as *de minimis*, just as they sometimes fall on sidewalks where there is no defect.

Plaintiff claims she did not have an opportunity to inspect the size of the defect because defendant repaired it the day after the accident. However, she could have called the two City employees who observed and measured the defect to testify at trial. She also could have sought permission from the City to remove the patch and mea-

sure the defect herself. However, she failed to do anything to establish the size of the defect at trial, so she failed to prove defendant owed her a duty. The trial court properly entered a directed verdict for defendant.

For the stated reasons, we affirm.

Affirmed.

KNECHT, P.J., and GREEN, J., concur.