# ILLINOIS OFFICIAL REPORTS

---

**Zameer v. City of Chicago, 2013 IL App (1st) 120198**

---

| | |
|---|---|
| Appellate Court Caption | SHAHEEN ZAMEER, Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant-Appellee. |
| District & No. | First District, Fifth Division<br>Docket No. 1-12-0198 |
| Rule 23 Order filed<br>Rule 23 Order<br>withdrawn<br>Opinion filed | April 26, 2013<br><br>June 6, 2013<br>July 19, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Summary judgment was properly entered for defendant city in an action for the injuries suffered when plaintiff tripped and fell on a sidewalk with a two-inch height difference between two slabs of concrete, since there was nothing in the record showing that the city had actual or constructive notice of the height difference prior to plaintiff's injury. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-L-12704; the Hon. Kathy M. Flanagan, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Jeffrey Friedman, of Law Office of Jeffrey Friedman, P.C., of Chicago, for appellant.

Stephen R. Patton, Corporation Counsel, of Chicago (Benna Ruth Solomon, Myriam Zreczny Kasper, and Christopher S. Norborg, Assistant Corporation Counsel, of counsel), for appellee.

Panel

JUSTICE TAYLOR delivered the judgment of the court, with opinion.
Presiding Justice McBride and Justice Howse concurred in the judgment and opinion.

**OPINION**

¶ 1    Summary judgment in defendant's favor was affirmed where there was insufficient evidence of either actual or constructive notice to the city of the height difference in the sidewalk prior to the plaintiff's fall.

¶ 2    The trial court granted defendant's motion for summary judgment. On appeal, plaintiff contends that summary judgment should be vacated because there was sufficient evidence such that there was a material issue of whether defendant had notice and therefore merited a jury trial and was not proper for summary judgment.

¶ 3                    BACKGROUND

¶ 4    Plaintiff Shaheen Zameer filed a complaint against the city of Chicago on November 8, 2010, alleging that on September 2, 2010, she tripped and fell at or about 6017 North Sacramento Avenue in the city of Chicago due to a differential in height between two sidewalk slabs. She was walking with her daughter when she fell. An ambulance brought her to the hospital, where she was found to have sustained a broken wrist, requiring surgery, as well as contusions and abrasions to her face, hands and knees.

¶ 5    Plaintiff claimed the city had a duty to exercise reasonable care in maintaining public sidewalks for their intended purpose. She further claimed the city failed to maintain the sidewalk in a reasonably safe condition. Plaintiff also claimed the sidewalk crack upon which she tripped constituted an unreasonably dangerous defect because the degree of the disparity in the elevation along the surface of the sidewalk was approximately two inches. The city filed its answer, asserting, among other affirmative defenses, that it was immune from liability under the Local Governmental and Governmental Employees Tort Immunity Act (Act) because it did not have notice before plaintiff's fall of the defect that allegedly caused her injuries. 745 ILCS 10/3-102(a) (West 2010).

¶ 6    The parties proceeded to discovery. On June 2, 2012, plaintiff testified that the raised slab of sidewalk was about two inches higher than the adjacent slab. She also produced photographs of the defect and surrounding area. On June 23, 2011, John Errera, a civil engineer with the city's department of transportation, having looked at the photos, testified that there is no way to tell when the defect that allegedly caused plaintiff's injuries came into existence.

¶ 7    On July 9, 2011, defendant produced customer service request system query detail reports from its 311 call system by order of the court. These reports detail all service requests received from January 1, 2005 to the date of the accident, covering addresses from 6017 to 6021 North Sacramento. The records contain a June 29, 2005, report of a crack in the sidewalk in front of the residence at 6021 North Sacramento. In addition, on July 11, 2005, there was a report of a sidewalk crack in the sidewalk at 6019 North Sacramento.

¶ 8    Defendant's records additionally show that on August 27, 2008, a contractor called Sumit Construction completed a sidewalk replacement project at 6021 North Sacramento Avenue. The work permit authorized the contractor to replace 60 sidewalk slabs. The records show that Sumit Construction received payment for this project on December 19, 2008.

¶ 9    On September 21, 2011, the city filed a motion for summary judgment. On December 16, 2011, after being fully briefed, the trial court granted the city's motion for summary judgment, finding no evidence of either actual or constructive notice of the height differential in the sidewalk at 6017 North Sacramento prior to the plaintiff's fall. Thus, plaintiff's entire cause of action was dismissed pursuant to the granting of the summary motion.

¶ 10                                ANALYSIS

¶ 11    On appeal from that judgment, plaintiff contends that issues of material fact exist with respect to both actual and constructive notice, so that summary judgment for defendant was improper. The parties supplemented the record on appeal with two more photographs of the defect. Defendant contends plaintiff failed to adduce evidence sufficient to create a genuine issue of material fact as to whether the city had actual and/or constructive notice. We agree with defendant.

¶ 12    The purpose of summary judgment is not to try a question of fact, but to determine whether a genuine issue of material fact actually exists. *Northern Illinois Emergency Physicians v. Landau, Omahana & Kopka, Ltd.*, 216 Ill. 2d 294, 305 (2005). Summary judgment is appropriate when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no issue as to any material fact and that the moving party is entitled to judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2010). We review a ruling on summary judgment *de novo*. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992); *Judge-Zeit v. General Parking Corp.*, 376 Ill. App. 3d 573, 578 (2007). *De novo* review means that we examine the evidence unconstrained by the reasoning of the trial court. *Merca v. Rhodes*, 2011 IL App (1st) 102234 (citing *John E. Reid & Associates, Inc. v. Wicklander-Zulawski & Associates*, 255 Ill. App. 3d 533, 538-39 (1993), citing *Outboard Marine*, 154 Ill. 2d at 102).

¶ 13    A party is entitled to summary judgment where "the pleadings, depositions, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2010); see *Purtill v. Hess*, 111 Ill. 2d 229, 240 (1986). Summary judgment is a drastic measure and should only be granted if the movant's right to judgment is clear and free from doubt. *Id.* Where a reasonable person could draw divergent inferences from undisputed facts, summary judgment should be denied. *Pyne v. Witmer*, 129 Ill. 2d 351, 358 (1989); *Outboard Marine*, 154 Ill. 2d at 102. The documents are construed strictly against movant and in the light most favorable to the nonmovant. *Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 165 Ill. 2d 107, 113 (1995); *Hartz Construction Co. v. Village of Western Springs*, 2012 IL App (1st) 103108.

¶ 14　　　Plaintiff argues that the city had actual notice of the defect based upon prior complaints about the sidewalk in 2005. Defendant contends that it has an affirmative defense of immunity under the Tort Immunity Act. The tort liability of a municipality is governed by the Tort Immunity Act. *West v. Kirkham*, 147 Ill. 2d 1, 6 (1992); see also *Vesey v. Chicago Housing Authority*, 145 Ill. 2d 404, 411-12 (1991). The purpose of the Act is to protect local governments and their employees from liability arising out of the operation of government, and the Act therefore grants immunities and defenses. *Vesey*, 145 Ill. 2d at 412. The Tort Immunity Act provides that a local public entity "shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in reasonably adequate time prior to an injury to have taken measures to remedy or protect against such condition." 745 ILCS 10/3-102(a) (West 2010); *Burke v. Grillo*, 227 Ill. App. 3d 9, 18 (1992). The burden of proving notice is on the party charging notice. *Reed v. Eastin*, 379 Ill. 586, 592 (1942); *Buford v. Chicago Housing Authority*, 131 Ill. App. 3d 235, 246 (1985). The question of notice is generally one of fact, but it becomes a question of law if all the evidence when viewed in the light most favorable to the plaintiff so overwhelmingly favors the defendant public entity that no contrary verdict could ever stand. *Buford*, 131 Ill. App. 3d at 246; *Cook v. Gould*, 109 Ill. App. 3d 311, 316 (1982); see also *Hollembaek v. Dominick's Finer Foods, Inc.*, 137 Ill. App. 3d 773, 780 (1985); *Pinto v. DeMunnick*, 168 Ill. App. 3d 771, 774 (1988).

¶ 15　　　Where a condition has existed for such a length of time, or was so conspicuous, that authorities exercising due diligence might have known of it, the plaintiff has established notice. *Buford*, 131 Ill. App. 3d at 246. Also, notice of facts that would put a reasonably prudent person on inquiry renders the authorities chargeable with knowledge of any fact that might have been discovered by a reasonable investigation. *Palermo v. City of Chicago Heights*, 2 Ill. App. 3d 1004 (1971); *Pinto*, 168 Ill. App. 3d at 774.

¶ 16　　　Section 3-102(a) requires proof that the defendant had timely notice of the specific defect that caused the plaintiff's injuries, not merely the condition of the area. *Brzinski v. Northeast Illinois Regional Commuter R.R. Corp.*, 384 Ill. App. 3d 202, 206 (2008); *Pinto*, 168 Ill. App. 3d at 774. Thus, in the instant case, to survive summary judgment, plaintiff needed to adduce evidence sufficient to support a jury finding that the city had either actual or constructive notice of the raised sidewalk that caused her fall in adequate time to have taken measures to repair the sidewalk.

¶ 17　　　Plaintiff contends there is sufficient evidence to create a genuine issue as to whether the

city had actual notice of the defect that caused her injuries. She first argued there were multiple prior complaints about the sidewalk along the east side of the 6000 block of North Sacramento Avenue made in 2005. However, there is no indication in the record that either complaint was about the specific defect that caused plaintiff's fall at 6017 North Sacramento Avenue. The first complaint specified a sidewalk crack in front of the property at 6021 North Sacramento Avenue. The other complaint was made by a resident of 6019 North Sacramento Avenue, and although it indicated a sidewalk crack, it did not specify the exact location of the crack.

¶ 18      Plaintiff argues that complaints about the 6000 block of North Sacramento Avenue are close enough to the block with the defect to constitute actual notice. Plaintiff further argues Illinois courts adopted a liberal approach to statutory notice under section 8-102, which required notice of injury within six months of accrual of claim under this Act. The main inquiry is whether a notice gave city authorities "sufficient information to *** enable them, by the exercise of reasonable intelligence and diligence, to locate the place of the injury and ascertain conditions alleged to have existed which caused it." *McComb v. City of Chicago*, 263 Ill. 510, 512 (1914). Therefore, plaintiff argues there is sufficient circumstantial evidence of actual notice. We disagree. First, the liberal approach was repealed by the legislature in 1986. Pub. Act 84-1431 (eff. Nov. 25, 1986) (repealing Ill. Rev. Stat. 1985, ch. 85, ¶ 8-102). Second, the records contain no evidence that anyone informed the city of the raised sidewalk in front of 6017 North Sacramento Avenue before plaintiff's accident. No one reported the defect to 311 services department or otherwise notified the city. Thus, we conclude that the trial court did not err in finding that the city did not have actual notice of the defect.

¶ 19      Even if the city did not have actual notice of the defect, plaintiff argues that it did have constructive notice based upon photographs of the defect, the fact that the city had received multiple prior complaints about defects in the area, and the fact that there were sidewalk repair projects in the area. Defendant disagrees and so do we. Constructive notice under section 3-102(a) of the Act "is established where a condition has existed for such a length of time, or was so conspicuous, that authorities exercising reasonable care and diligence might have known of it." *Finley v. Mercer County*, 172 Ill. App. 3d 30, 33 (1988); see also *Coultas v. City of Winchester*, 208 Ill. App. 3d 238, 240 (1991). "The rule is that constructive notice is present where a defective condition exists for such a length of time that public authorities, by the exercise of reasonable care and diligence, might have known of the condition." *Livings v. City of Chicago*, 26 Ill. App. 3d 850, 854 (1975); see *Palermo*, 2 Ill. App. 3d at 1006.

¶ 20      Plaintiff argues it is generally a question of fact for the jury to determine whether a defective condition has existed for a sufficient period of time prior to the injury and was of such a character for the city to be deemed to have constructive notice. *Baker v. City of Granite City*, 311 Ill. App. 586 (1941). In so arguing, plaintiff relies on *Hess v. City of Chicago*, 101 Ill. App. 3d 426 (1981). In *Hess*, on the issue of constructive notice, the plaintiff introduced testimony of her companion at the time of the accident. *Hess*, 101 Ill. App. 3d at 431. The companion testified she was familiar with the commercial area of the fall and that the condition of the sidewalk was in existence for at least a year before plaintiff had the accident. *Id*. Although plaintiff argues that the instant case is analogous to *Hess*, we

disagree. First, the area in the instant case was residential, not commercial, and thus less traveled, and furthermore, here there is no testimony as to the length of time the defect existed and there was testimony it could have developed in as little as three weeks. In fact, both the plaintiff and her companion at the time of the accident testified that they did not know how long the defect existed, and there was testimony by a city employee it could have developed in as little as three weeks.

¶ 21    Plaintiff further argues there is not a specific time limit to constructive notice and relies on several cases that found constructive notice under a time frame for the existence of the defect in the area of one to two years and two to three years. In *Baker*, the court found sufficient evidence to support a finding of constructive notice where there were several conspicuous cracks in the sidewalk in the area where plaintiff fell and the crack causing the injury was located at a busy intersection of the city just across the street from city hall. *Baker v. City of Granite City*, 75 Ill. App. 3d 157, 161-62 (1979). Although the *Baker* defendant claimed that it did not have actual notice of the particular crack in question, the city street superintendent admitted that he was generally aware of the several cracks in the Edison Avenue area near the bank. *Id*. The court found that this admission, in conjunction with the evidence tending to show that the defect existed for a long period of time in a conspicuous place, was more than ample to charge defendant with constructive notice of the crack in the sidewalk. *Id*. However, unlike both cases in which there was testimony about the length of time the defect existed, in the case at bar there is no evidence of the time frame of the existence of the defect.

¶ 22    According to plaintiff, the photographs show that the defect existed for at least two years. Defendant introduced evidence by way of testimony of a civil engineer with the city's department of transportation, who testified that there is no way to determine when the defect developed. Plaintiff relies on *Pittman v. City of Chicago*, 38 Ill. App. 3d 1036 (1976), for the proposition that a photo can be enough evidence for constructive notice. In *Pittman*, the plaintiff testified the defect existed for the entire time the plaintiff traveled the block, about six years. The court found that this testimony, along with the photograph of the defect, supported a finding of constructive notice. *Pittman*, 38 Ill. App. 3d at 1039-40. The court found a reading of the testimony strongly suggests that the dangerous condition, as depicted in the photograph, existed for the entire time plaintiff traveled this block while employed at the candy factory; to wit, six years. However, in the instant case, as has been referred to above, plaintiff and her companion have no idea how long the defect existed before the fall, and defendant's employee testified that there is no way of telling how long the defect existed. Thus, unlike the plaintiff in *Pittman*, the plaintiff in the instant case has not presented evidence that would raise an issue of material fact as to the length of time the defect existed.

¶ 23    Plaintiff further argues that multiple prior complaints should have alerted the city to repair a broader section of sidewalk. However, the surrounding area is irrelevant. A negligence plaintiff must prove that the defendant had timely notice of the specific defect that caused her injuries. *Brzinski*, 384 Ill. App. 3d at 206 (the presence of sinkholes in the area is insufficient to charge defendant with constructive notice of the sinkhole which caused plaintiff's injury). In *Gleason*, the court held the presence of a general condition is irrelevant to the cause of her fall because the surrounding conditions did not cause her fall. *Gleason v.*

*City of Chicago*, 190 Ill. App. 3d 1068, 1070 (1989). We, therefore, find that the circuit court properly granted the city's motion for summary judgment.

¶ 24    We conclude that plaintiff failed to meet her burden to provide facts showing that the city had constructive notice of the condition. As no genuine issue of material fact existed regarding constructive notice, summary judgment was properly granted for the city. We find substantial support for this conclusion in *Pinto*. *Pinto*, 168 Ill. App. 3d at 775. In that case, the plaintiff fell in a hole on a parkway belonging to the village of Alsip. *Pinto*, 168 Ill. App. 3d at 772-73. The parkway was in front of an apartment building. *Id*. One of the owners of the building testified that she never saw the hole prior to the accident even though she mowed and fertilized the lawn five days before the injury. *Id*. The other owner testified that he filled the hole both times it appeared but did not notice any hole when he mowed the lawn a month or two before the accident. *Id*. After the accident, the hole was found to be about five or six feet deep. *Id.* The court found that plaintiff failed to present sufficient evidence that the hole was plainly visible or that the hole was apparent for so long a time prior to the injury to permit an inference that the village was constructively notified of the existence of the hole. *Id.* In the instant case, plaintiff argues that a jury could reasonably infer that the condition which existed at the time of the accident could have developed over a period of long duration. This argument was refuted by defendant, in testimony by a city employee, stating that there was no way of telling when the defect came into existence and that it could be as long as a year or as short as three weeks. Plus, the testimony by plaintiff and her companion at the time of the accident that they had no idea when the defect came into existence supports the trial court in granting summary judgement against plaintiff.

¶ 25    Plaintiff argues that there was evidence of sidewalk repair projects in 2004 and 2008 along the sidewalk starting at 6021 North Sacramento Avenue. She further argues since there was evidence that this section of the sidewalk remained free of defects for two years, it could be inferred that the raised sidewalk would also remain in substantially the same condition over the same period and thus the jury could infer the defect existed for over two years. Defendant argues that this is sheer speculation and that the areas compared have distinct characteristics. We agree. It was testified to that many factors enter into how a sidewalk ages, such as weather, traffic pattern, presence or absence of trees in the area, and the materials used. There is no evidence the same material was used by different contractors. Defendant refers to Chicago department of transportation, streetscape from 2003 indicating that most sidewalks are "monolithis" and also to section 10-20-510 of Chicago's Municipal Code, which states "No part of the top or wearing surface of any sidewalk in any public way shall be composed of any nonstandard surface ***." Chicago Municipal Code § 10-20-510 (amended Jan. 13, 2010). However, this is not proof of the exact materials used. Further, defendant's records show that the repairs to the nearby sections of the sidewalk were performed by outside contractors, not the city. Moreover, the city points out that there is no evidence that the complained-of height differential existed at the time the other repairs were performed.

¶ 26    Defendant argued that the defect in the sidewalk is *de minimis* and therefore not actionable. However, since it was not established that the city received either actual or constructive notice of the defect, we need not address this argument.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

Affirmed.