# Illinois Official Reports

## Appellate Court

---

### *Nguyen v. Lam*, 2017 IL App (1st) 161272

---

| | |
|---|---|
| Appellate Court Caption | LINH PHUNG HOANG NGUYEN, Plaintiff-Appellant, v. NHUTAM LAM and HUNG LAM, Defendants-Appellees. |
| District & No. | First District, Fifth Division<br>Docket No. 1-16-1272 |
| Filed | November 3, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-L-9403; the Hon. Eileen M. Brewer, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Staver Law Group, P.C., of Chicago (Tyler Kobylski, of counsel), for appellant.<br><br>Bruce Farrel Dorn & Associates, of Chicago (Ellen J. O'Rourke, Kenneth E. Klimczak, and Renee M. Mehl, of counsel), for appellees. |
| Panel | JUSTICE LAMPKIN delivered the judgment of the court, with opinion.<br>Presiding Justice Reyes and Justice Hall concurred in the judgment and opinion. |

**OPINION**

¶ 1        Plaintiff Linh Phung Hoang Nguyen filed this personal injury action seeking damages for injuries she sustained when she stepped on a catch basin in a backyard and the lid gave way. The Cook County circuit court granted summary judgment in favor of defendants Nhutam and Hung Lam, who owned the property on which the catch basin was located.

¶ 2        On appeal, plaintiff contends that granting summary judgment was improper because she presented enough evidence to create a genuine issue of material fact regarding defendants' constructive knowledge of the dangerous condition where the testimony and photographs of the rusty catch basin lid and deteriorated surrounding concrete showed those conditions had existed for a sufficient length of time. Plaintiff also argues that she was not required to present expert testimony about the duration of the dangerous condition.

¶ 3        For the reasons that follow, we reverse the judgment of the circuit court.

¶ 4                                    I. BACKGROUND

¶ 5        According to the parties' affidavits and deposition testimony, in 1989, defendants purchased a two-story residential building at 1414 W. Winnemac Avenue in Chicago (the property) and lived there until 2010. Defendants maintained the backyard of the property and allowed their tenants to use the backyard, which contained a catch basin with a metal lid. Defendant Mr. Lam noticed the catch basin in 1989 when he and his wife purchased the property. The previous owner told Mr. Lam to look into the catch basin to make sure it did not get clogged with sewage, but Mr. Lam never followed this instruction or advice because sewage never came up the drain inside the home.

¶ 6        In 1992, defendants hired professional cleaners to clean the well of the catch basin, and no one told Mr. Lam that the catch basin needed additional work. Defendants never performed any maintenance or repairs to the catch basin or lid since they purchased the property in 1989, and the catch basin has not been cleaned, inspected, or modified since 1992. Mr. Lam regularly inspected, cleaned, and swept the backyard, repaired anything that was broken, cut the grass, and shoveled the snow. He walked over the catch basin, had seen others walk across it, and never noticed any problem with the catch basin. Before plaintiff's injury, no one told him that the lid was loose, out of place, or did not fit properly. Just a few weeks before plaintiff's injury, Mr. Lam cleaned the backyard area and did not inspect the catch basin or notice any problem with it.

¶ 7        Plaintiff was injured in August 2014, at about 6 p.m., while she was walking on the sidewalk in defendants' backyard. Specifically, plaintiff and her boyfriend had parked his car in the garage located at the rear of the property and were carrying groceries as they walked through the backyard toward his parents' apartment. When plaintiff's left foot stepped onto the lid of the catch basin, it flipped to a vertical position and caused her to fall into the well and straddle the edge of the vertical metal lid. She sustained an injury to her groin area.

¶ 8        With the help of her boyfriend, plaintiff went inside the apartment of his parents, and his mother telephoned Mr. Lam. The mother was outside when Mr. Lam arrived at the scene and saw that the lid was in the vertical position. He pushed it down into place with his foot and stood on the lid with both feet. The mother said that the lid was broken, but Mr. Lam said

that it was not. Mr. Lam did not see any blood at the scene and did not believe that plaintiff ever fell into the catch basin well.

¶ 9    Plaintiff went to the hospital and was diagnosed with a vulvar hematoma, which required surgery. Photographs of the catch basin were taken immediately after the occurrence. A photograph of the lid in place on the catch basin shows that the top of the lid is rusted and the circumference of the lid is worn and deteriorated. Moreover, the circle concrete surface surrounding the catch basin is deteriorated and has two large cracks and a thinner crack. Those cracks span the distance between the outside rim of the concrete circle and its inside rim, which surrounds the lid of the catch basin. Photographs of the lid tipped in a vertical position in the catch basin show substantial corrosion of the concrete lip upon which the metal lid must rest to remain stable and in place. In these photographs, the rusted, uneven edge of the lid is more obvious. A photograph of the lid removed from the catch basin shows substantial corrosion and deterioration of the lid, the concrete surrounding the catch basin, and the concrete lip of the catch basin.

¶ 10   After plaintiff was injured, Mr. Lam initially placed a board and a couple of chairs over the catch basin. About two months later, workers lifted the lid, spread cement around the lip of the catch basin, and replaced the lid.

¶ 11   In her negligence complaint, plaintiff alleged that defendants failed to exercise reasonable care in the ownership, maintenance, and inspection of their property. Specifically, plaintiff argued that defendants failed to maintain the catch basin and lid in a reasonably safe and proper condition, failed to conduct reasonable inspections of the basin and lid, and failed to repair or replace the basin and lid in a timely manner. Defendants denied any liability, and the parties engaged in discovery.

¶ 12   Defendants moved for summary judgment, asserting that none of the evidence gave rise to an inference that they had actual or constructive notice of the dangerous condition.

¶ 13   In response, plaintiff argued that summary judgment was precluded because Mr. Lam admitted that he never inspected the catch basin or lid after 1992 and a videotape and photographs clearly showed the rusted condition of the catch basin lid and the deteriorated concrete around the catch basin. Plaintiff argued that reasonable jurors could infer that the extensive corrosion of metal and concrete indicated that the dangerous condition existed for a sufficient duration to have given constructive notice of the danger to defendants, who had regularly inspected and maintained the backyard during the 22 years that elapsed since the catch basin was last cleaned and up to the date of plaintiff's injury.

¶ 14   Defendants moved to strike plaintiff's videotape because it was not accompanied by an affidavit to authenticate it and establish a foundation for its admission into evidence.

¶ 15   The circuit court granted defendants' motion to strike the videotape based on plaintiff's failure to provide a proper foundation for the video. The circuit court also granted defendants' motion for summary judgment, rejecting plaintiff's assertions that the corroded concrete was visible and a layperson would be able to know that such corrosion would have taken place over a considerable amount of time. Citing *Zameer v. City of Chicago*, 2013 IL App (1st) 120198, the circuit court stated that plaintiff did not present expert testimony concerning the duration of the defect and photographs of general defects were not sufficient to impute notice to the defendants without evidence of the specific defect.

¶ 16    Plaintiff moved the circuit court to reconsider the order granting defendants summary judgment. The circuit court denied the motion, stating that plaintiff failed to meet her burden to provide facts showing that defendants had constructive notice of the condition. The circuit court stated that the mere fact of the rusty cover did not provide defendants with timely notice of the specific defect that caused plaintiff's injury and plaintiff did not present any expert evidence about the duration of the defect. Plaintiff timely appealed.

¶ 17                                    II. ANALYSIS

¶ 18    Plaintiff contends that material issues of fact exist on the question of whether defendants had constructive notice of the condition of the catch basin. She notes that photographic evidence showed such severe deterioration of the concrete and catch basin lid, which would have happened gradually over a significant period of time. Moreover, Mr. Lam testified that he regularly inspected and maintained the backyard, was aware of the catch basin, and had walked and stood on it. Accordingly, plaintiff contends that whether defendants reasonably should have discovered the dangerous condition is a question for the jury. We agree.

¶ 19    This court reviews a circuit court's order granting summary judgment *de novo*. *Seitz-Partridge v. Loyola University of Chicago*, 409 Ill. App. 3d 76, 82 (2011). Summary judgment is appropriate only when the "pleadings, depositions, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2014). Because summary judgment is a drastic means of disposing of litigation, it should be denied and the issue decided by the trier of fact "where reasonable persons could draw divergent inferences from the undisputed material facts or where there is a dispute as to a material fact." *Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 165 Ill. 2d 107, 113-14 (1995). "The documents are construed strictly against the movant and in the light most favorable to the nonmovant." *Zameer*, 2013 IL App (1st) 120198, ¶ 13. The purpose of summary judgment is to determine whether a genuine issue of material fact exists, not to try a question of fact; accordingly, the circuit court may not weigh the evidence or make credibility determinations. *Thompson v. Gordon*, 241 Ill. 2d 428, 438 (2011); *AYH Holdings, Inc. v. Avreco, Inc.*, 357 Ill. App. 3d 17, 31 (2005).

¶ 20    Property owners have a duty to exercise ordinary care in maintaining their property in a reasonably safe condition. *Chapman v. Foggy*, 59 Ill. App. 3d 552, 555 (1978). Owners have a duty to exercise reasonable care to discover defects or dangerous conditions existing on their property and either correct them or give sufficient warning to enable those lawfully on the land to avoid the danger. *Id.* It is not necessary for the plaintiff to show that the owners had actual knowledge of the dangerous condition. *Id.* If, in the exercise of ordinary care, the owners should have discovered the condition, *i.e.*, if they had constructive notice of it, they may be held liable. *Id.* at 555-56. Constructive notice can be shown only where the dangerous condition is shown to exist for a sufficient length of time to impute knowledge of its existence to the defendants. *Ishoo v. General Growth Properties, Inc.*, 2012 IL App (1st) 110919, ¶ 28; see also *Pittman v. City of Chicago*, 38 Ill. App. 3d 1036, 1039 (1976) (the evidence was sufficient to support a finding of constructive notice where a photograph showed the defective condition of the sidewalk and the plaintiff testified that the defective condition existed for the entire time—about six years—that she traveled the block while employed at a factory). Illinois courts have ruled that it is in the province of the trier of fact

to determine whether the plaintiff has established that the defect existed long enough to impute knowledge of its existence to the defendant. *Chapman*, 59 Ill. App. 3d at 556; *Guenther v. Hawthorn Mellody, Inc.*, 27 Ill. App. 3d 214, 218 (1975).

¶ 21    In *Baker v. Granite City*, 311 Ill. App. 586, 593 (1941), the plaintiff was injured while walking on a catch basin cover that tilted and slid aside, and the trial testimony indicated that at the time of the plaintiff's injury the catch basin flange was corroded and rusted and the bottom of the cover had "a good deal of rust on it" and its lower edge was worn off "as thin as a piece of cardboard." Although no witness had testified about how long the deteriorated condition had existed prior to the plaintiff's injury, the court stated that "[i]t is a matter of common knowledge that iron will often rust and corrode when exposed to water and weather and that such rust and corrosion do not generally occur to any considerable extent or degree in a short period of time." *Id.*

¶ 22    The *Baker* court held that the trial court erred in granting the defendant's motion for a directed verdict because the jury could reasonably infer that the condition of the catch basin at the time of the plaintiff's injury had occurred gradually over a considerable period of time and that the presence of such rust and corrosion and the worn condition of the cover might have been discovered and remedied by the defendant on reasonable inspection. *Id.* The court concluded that it was a question of fact for the jury to determine whether the "defective conditions were of such a character and had existed for such a length of time that the defendant might have discovered and remedied them, and to determine whether or not the defendant was negligent in this respect." *Id.* at 594.

¶ 23    Here, there was evidence from which a jury could conclude that the deteriorated condition of the catch basin existed for a sufficient time that defendants should have been aware of it. Specifically, Mr. Lam testified that he lived at the property from 1989 until 2010, regularly inspected and maintained the backyard, and had walked and stood on the catch basin. He was aware of the catch basin since he and his wife purchased the property in 1989, but he never inspected or maintained the catch basin or lid aside from having the well cleaned in 1992. Although the previous property owner told Mr. Lam to look into the catch basin to make sure it did not get clogged with sewage, Mr. Lam said that he never followed that instruction or advice. Furthermore, the photographs show that some deterioration of the catch basin (the cracked concrete surface and rusted lid) was visible even when the lid was in place over the well of the catch basin. Also, the photographs of the cracked and corroded concrete upon which the rusty catch basin lid rested indicate that the catch basin's defective condition existed for a considerable amount of time because concrete and metal deteriorate gradually. See *id.* at 593.

¶ 24    Construing the documents, testimony, and photographs strictly against defendants and in the light most favorable to plaintiff, we find that a genuine issue of fact exists concerning whether defendants had constructive notice of the dangerous condition. A reasonable trier of fact could infer from the cracked concrete surface, corroded concrete lip, and rusty lid that the defective condition of the catch basin existed for a sufficient duration to have given constructive notice to defendants, who should have discovered the defect by the exercise of reasonable care.

¶ 25    Defendants argue the circuit court properly awarded them summary judgment and rely on *Zameer*, 2013 IL App (1st) 120198, to support their assertion that plaintiff failed to present sufficient evidence to create a genuine issue of material fact about their constructive notice.

In *Zameer*, the plaintiff alleged that she sustained injuries requiring surgery when she tripped and fell due to an approximately two-inch height disparity between two sidewalk slabs. *Id.* ¶ 4. The defendant municipality asserted it was immune from liability under the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/3-102(a) (West 2010)) because it did not have notice of the raised sidewalk that caused her fall in adequate time to have taken measures to repair the sidewalk. *Zameer*, 2013 IL App (1st) 120198, ¶¶ 5, 14-15. "Section 3-102(a) [of the Tort Immunity Act] requires proof that the defendant had timely notice of the specific defect that caused the plaintiff's injuries, not merely the condition of the area." *Id.* ¶ 16. The municipality moved for summary judgment, and the plaintiff argued, *inter alia*, that photographs of the defective sidewalk were sufficient evidence to show constructive notice. *Id.* ¶¶ 9, 22.

¶ 26 The *Zameer* court held that summary judgment for the municipality was proper because the plaintiff failed to present sufficient evidence to create a genuine issue under the Tort Immunity Act as to whether the municipality had constructive notice of the defect, *i.e.*, that the condition existed for such a length of time or was so conspicuous that authorities exercising reasonable care and diligence might have known of it. *Id.* ¶¶ 19, 20, 22. Specifically, both the plaintiff and her companion at the time of the injury testified that they did not know how long the defect existed, and a civil engineer employed by the municipality's department of transportation "testified that there is no way of telling how long the defect existed" and "it could have developed in as little as three weeks." *Id.* ¶¶ 20-22.

¶ 27 Defendants' reliance upon *Zameer* is misplaced because it is distinguishable from the present case. In *Zameer*, the photograph of the sidewalk slabs did nothing to indicate that the alleged defect—the two-inch height difference between the slabs—had existed for a sufficient length of time to constitute constructive notice, particularly in light of the civil engineer's testimony that the condition could have developed in as little as three weeks. Here, in contrast, the photographs of the corroded and rusted condition of the catch basin indicate, as discussed above, that such deterioration of concrete and metal occurs gradually over time. Moreover, Mr. Lam testified that the catch basin was not inspected for 22 years.

¶ 28 Finally, we reject defendants' assertion that plaintiff was required to present expert testimony about the duration of the defect. It is well settled that a trial court exercises its discretion to allow a person "to testify as an expert if his experience and qualifications afford him knowledge that is not common to laypersons, and where his testimony will aid the trier of fact in reaching its conclusions." *Thompson v. Gordon*, 221 Ill. 2d 414, 428 (2006). Moreover, "[p]laintiffs are not required to prove their case at the summary judgment stage." *Thompson*, 241 Ill. 2d at 438. Here, a trier of fact viewing the photographs reasonably may discern the age and duration of the dangerous condition of the catch basin as having been in existence for a very long time, and such opinion is not within the sole province of an expert witness. See *Pittman*, 38 Ill. App. 3d at 1039 (rejecting the municipality's assertion that only a cement mason, contractor, or engineer was qualified to express an opinion as to how long the dangerous sidewalk condition, as depicted in a photograph, had existed).

¶ 29                                    III. CONCLUSION
¶ 30 The circuit court erred in granting defendants summary judgment because plaintiff presented sufficient evidence to show a genuine issue of material fact about whether defendants had constructive notice of the dangerous condition of the catch basin. A jury

could infer from the testimony and photographic evidence that the deteriorated condition of the catch basin and surrounding concrete occurred over an extended period of time so that defendants would have discovered the dangerous condition in the exercise of reasonable care. Accordingly, we reverse the judgment of the circuit court and remand this cause.

¶ 31        Reversed and remanded.