# Illinois Official Reports

## Appellate Court

---

### *Cook v. Village of Oak Park*, 2019 IL App (1st) 190010

---

| | |
|---|---|
| Appellate Court Caption | KRISTA M. COOK, Plaintiff-Appellant, v. THE VILLAGE OF OAK PARK, Defendant-Appellee. |
| District & No. | First District, Second Division<br>No. 1-19-0010 |
| Filed | November 19, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2016-L-064007; the Hon. Cheyrl D. Ingram, Judge, presiding. |
| Judgment | Reversed. |
| Counsel on Appeal | Adam J. Zayed and Julian D. Hoshell, both of Joliet, for appellant.<br><br>Paul L. Stephanides and Rasheda Jackson, both of Oak Park, for appellee. |
| Panel | JUSTICE LAVIN delivered the judgment of the court, with opinion.<br>Presiding Justice Fitzgerald Smith and Justice Pucinski concurred in the judgment and opinion. |

**OPINION**

¶ 1        Plaintiff, Krista M. Cook, was injured when she tripped and fell on an uneven seam in a sidewalk owned by defendant, the Village of Oak Park (Village). Due to her injuries, plaintiff filed a premises liability action against the Village, alleging, in the main, that it negligently maintained the sidewalk by failing to repair the defect. The Village moved for summary judgment, asserting that plaintiff's claim was not actionable because the defect was *de minimis* and, alternatively, that the Village was immune from liability pursuant to section 3-102 of the Local Governmental and Governmental Employees Tort Immunity Act (Act) (745 ILCS 10/3-102(a), (b) (West 2016)). The circuit court ultimately granted the motion and entered summary judgment in favor of the Village. For the reasons that follow, we reverse.

¶ 2                                            BACKGROUND

¶ 3        The following facts were gleaned from the parties' pleadings, depositions, affidavits, and other supporting documents that were all presented to the court below.

¶ 4        In the evening on July 22, 2015, plaintiff was walking home after work when her foot suddenly hit a piece of concrete, causing her to trip and fall onto the sidewalk, which was located on Lombard Avenue. It was a dry, dark midsummer night. There were no streetlights within 50 feet of the sidewalk even though it was often frequented by pedestrians due to its close proximity to a bustling outdoor park. Plaintiff fell forward onto her right shoulder and hit her head, temporarily losing consciousness. When she regained consciousness, plaintiff was unable to walk and began to vomit uncontrollably. Eventually, a man helped her to a nearby porch where she waited until a taxicab arrived. Plaintiff went to the emergency room and was diagnosed with a concussion, separated shoulder, and a broken collarbone.

¶ 5        The next morning, plaintiff drove to the location of the incident with her mother, Ella Fahlstrom, where they met Officer Michael Greet, an evidence technician for the Village. After plaintiff filed a police report, she directed Fahlstrom and Greet to the area where she fell. They proceeded to take photographs and measurements of the deviation in the sidewalk while plaintiff observed them from her vehicle due to her injuries. According to plaintiff, she told Fahlstrom where to take the photograph since she "knew where to go." Meanwhile, the Village repaired the sidewalk.

¶ 6        Over the next year, plaintiff underwent three clavicle surgeries, which included attaching a permanent screw to her collarbone, among other things. And even though she underwent extensive physical therapy, plaintiff still has not regained full use of her right arm. Consequently, she was unable to perform her duties at work, resulting in her termination.

¶ 7        After her fall, plaintiff filed the present complaint, alleging that the Village's negligence in failing to repair the sidewalk defect was the direct and proximate cause of her injuries.

¶ 8        At the time of the incident, the Village had in place a sidewalk replacement program to identify and repair defects larger than one inch. William McKenna, the Village's engineer, testified that the sidewalk where plaintiff fell had previously been repaired in 2012 due to "an elevation displacement between sidewalk squares." But, only a year later, there was another displacement in the same location according to Ted Brunson, who lived directly behind the sidewalk. Brunson testified that "the two slabs were quite uneven." He further testified that

Village personnel were in front of his house "more than ten times," yet they did not repair the sidewalk until plaintiff fell two years later.

¶ 9 In her deposition, plaintiff testified that the deviation in the sidewalk was "over two inches." On the other hand, Greet testified that it was "between an inch and a quarter and an inch and a half," based on the ruler in his photograph. However, Greet noted that his measurement did not account for the gap on the bottom of the ruler, conceding that the deviation could have measured "two inches" had it been included.

¶ 10 The Village subsequently filed a motion for summary judgment, attaching the aforementioned depositions and the photograph taken by Greet. In its motion, the Village argued that plaintiff's claim was not actionable because the sidewalk defect was *de minimis*. In the alternative, the Village argued that because it neither had actual or constructive notice of the defect, it was immune from liability under section 3-102 of the Act. Plaintiff filed a response, attaching an affidavit from her expert engineer, Jon Ver Halen. She argued that the conflicting measurements and presence of aggravating circumstances, *i.e.*, the poor lighting conditions and heavy foot traffic surrounding the sidewalk, presented questions of fact to be decided by a jury. The circuit court subsequently struck all but one sentence in Ver Halen's affidavit for failing to comply with Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013).

¶ 11 Nonetheless, the circuit court initially denied the Village's motion for summary judgment, finding that a question of fact existed as to the size of the deviation in the sidewalk: "there's some testimony that it's from one-and-a-quarter inch to one-and-a-half inches and some testimony that it was two inches." In ruling on the parties' postjudgment motions, however, the court vacated that judgment, contrarily finding no dispute concerning the size of the deviation because Fahlstrom's photograph was not admissible. In so holding, the court stated:

"The only person that could testify that it depicts what it purports to depict is Ms. Fahlstrom [*sic*] for this particular photo. Without any testimony from her, there's no authentication of that second photo."

Consequently, the court entered summary judgment in favor of the Village.

¶ 12 The circuit court denied plaintiff's motion to reconsider its summary judgment ruling on December 12, 2018. Plaintiff now appeals.

¶ 13                                                        ANALYSIS

¶ 14 Summary judgment should not be granted unless the pleadings, depositions, and admissions on file, together with any affidavits, reveal that no genuine issue of material fact exists so that the movant is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2016); *Monson v. City of Danville*, 2018 IL 122486, ¶ 12. Put another way, if the record reveals a dispute as to any material issue of fact, summary judgment must be denied regardless of the lower court's belief that the movant will or should prevail at trial. *Ignarski v. Norbut*, 271 Ill. App. 3d 522, 525 (1995). "A genuine issue of material fact precluding summary judgment exists where the material facts are disputed, or, if the material facts are undisputed, reasonable persons might draw different inferences from the undisputed facts." (Internal quotation marks omitted.) *Monson*, 2018 IL 122486, ¶ 12. Furthermore, courts must strictly construe the record against the movant. *Id.* We review the circuit court's summary judgment ruling *de novo*. *Id.*

¶ 15 Plaintiff contends that the circuit court erroneously granted summary judgment to the Village because genuine issues of material fact existed regarding the size of the deviation, thereby precluding application of the *de minimis* rule, and whether the Village had constructive notice of it. We agree.

¶ 16 In Illinois, courts apply the *de minimis* rule when evaluating injury claims resulting from deviations in adjoining sidewalk slabs. *Id.* ¶ 42. "A sidewalk defect is considered *de minimis* if a reasonably prudent person would not foresee some danger to persons walking on it." *Id.* If, however, reasonable minds cannot agree a deviation is so minor that no danger to pedestrians could reasonably be foreseen, then the issue must properly be decided by a jury. *Id.* ¶ 44. Likewise, a jury question arises when there is evidence of aggravating circumstances such as poor lighting conditions or the anticipation of a high volume of foot traffic on the sidewalk. See *Barrett v. FA Group, LLC*, 2017 IL App (1st) 170168, ¶ 35; *Alqadhi v. Standard Parking, Inc.*, 405 Ill. App. 3d 14, 19 (2010).

¶ 17 As an initial matter, we categorically reject the circuit court's holding that Fahlstrom's photograph could not be authenticated absent "testimony from her."[1] Illinois Rule of Evidence 901(a), (b)(1) (eff. Sept. 17, 2019) expressly provides that the authentication and identification requirements are satisfied where a witness with knowledge testifies "that a matter is what it is claimed to be." Plaintiff testified that she told Fahlstrom where to take the photograph and that she watched her take it. Regardless, the record reveals that Fahlstrom was disclosed as a lay witness; thus, Fahlstrom could presumably authenticate her own photograph at trial. See *US Bank, National Ass'n v. Avdic*, 2014 IL App (1st) 121759, ¶ 22 (stating, evidence that would be admissible at trial may be considered at the summary judgment stage).

¶ 18 Notwithstanding the admissibility of Fahlstrom's photograph, after examining the circumstances of the present case, we cannot say that the defect was so minor as to be considered *de minimis* as a matter of law. *Cf. St. Martin v. First Hospitality Group, Inc.*, 2014 IL App (2d) 130505, ¶ 19 (finding, the *de minimis* rule applied where it was undisputed that the deviation in the sidewalk was less than two inches and there were no allegations or evidence of aggravating circumstances). As set forth above, plaintiff testified that the deviation in the sidewalk was "over two inches." And while the Village averred that it was less than two inches, pointing to Greet's measurement, this is belied by Greet's deposition testimony that his measurement did not account for the gap on the bottom of the ruler. Furthermore, Greet conceded that the deviation could have measured "two inches" had that gap been included.

¶ 19 Additionally, despite the Village's argument to the contrary, we find that there was evidence of aggravating circumstances, namely, the poor lighting conditions and heavy foot traffic surrounding the sidewalk where plaintiff fell. In fact, the Village admitted that "there were no streetlights within 50 feet in either direction of the adjoining concrete sidewalk slabs" where she fell. Brunson also testified that "there was not a light illuminating *** [the] part of

---

[1]It is important to note that as a basis for its holding, the circuit court, *sua sponte*, relied on *Werenska v. Sawa's Old Warsaw, Inc.*, 2012 IL App (1st) 111671-U. We reemphasize that a lower court may not rely on an unpublished order except in the limited circumstances, none of which apply here, provided under Illinois Supreme Court Rule 23(e) (eff. Apr. 1, 2018). See *In re Donald R.*, 343 Ill. App. 3d 237, 244 (2003) (stating, "a fundamental unfairness results when a trial court, *sua sponte*, relies on an unpublished order in reaching its decision").

- 4 -

the sidewalk" where plaintiff fell. And both McKenna and Brunson acknowledged in their depositions that the sidewalk where she fell was "highly trafficked" by pedestrians. Based on the totality of the circumstances, we cannot say that all reasonable minds would agree that the deviation was so minor that no danger to pedestrians could reasonably be foreseen.

¶ 20 We also reject the Village's argument that summary judgment was properly entered in its favor on the alternative basis that it was immune from liability. Section 3-102 of the Act does not grant immunity to a municipality who failed to maintain its sidewalk in a reasonably safe condition if the municipality had constructive notice of the alleged defect. 745 ILCS 10/3-102(a), (b) (West 2016). Constructive notice can be shown where the defect existed for a sufficient length of time to impute knowledge of its existence to the municipality. *Baker v. City of Granite City*, 75 Ill. App. 3d 157, 161 (1979); *Nguyen v. Lam*, 2017 IL App (1st) 161272, ¶ 20. More importantly, it is generally a question for the jury to decide whether a defect existed for a sufficient length of time prior to the injury and was of such a nature for the municipality to be deemed to have had constructive notice of it. *Baker*, 75 Ill. App. 3d at 161.

¶ 21 Here, there was evidence presented from which a jury could conclude that the defect existed for a sufficient length of time such that the Village should have been aware of its existence. As stated, Brunson testified that the deviation existed for at least two years and that Village personnel were in front of his house near the sidewalk "more than ten times." Yet, the defect was never repaired during that time.

¶ 22 Under the circumstances in this case and taking the facts in the light most favorable to plaintiff, we cannot say that the sidewalk defect was *de minimis* as a matter of law or that the Village did not have constructive notice of it. Instead, there are questions of fact concerning the size of the defect and whether the Village should have known of its existence. In short, the circuit court got it right the first time when it denied the Village's motion for summary judgment on that basis. Accordingly, we conclude that the circuit court erred in granting summary judgment to the Village.

¶ 23 Based on the foregoing, we need not address whether the circuit court properly struck Ver Halen's affidavit because the Village's motion for summary judgment should have been denied even if plaintiff had presented nothing in opposition to it. See *In re Estate of Brittin*, 247 Ill. App. 3d 756, 762-63 (1993).

¶ 24                                              CONCLUSION
¶ 25 For the reasons stated, we reverse the judgment of the circuit court granting summary judgment in favor of the Village.

¶ 26       Reversed.